NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ALLEN L. SWARTWOUDT,**

*Petitioner*

**v.**

**DEPARTMENT OF HOMELAND SECURITY,**

*Respondent*

---

2016-2724

---

Petition for review of the Merit Systems Protection Board in No. SF-0752-14-0361-B-1.

---

Decided: June 1, 2017

---

ALLEN L. SWARTWOUDT, San Diego, CA, pro se.

IGOR HELMAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., ALLISON KIDD-MILLER.

---

Before DYK, O'MALLEY, and TARANTO, *Circuit Judges.*

PER CURIAM.

Allen L. Swartwoudt petitions for review of a final or-
der of the Merit Systems Protection Board ("Board")
sustaining his removal and denying his whistleblower
retaliation affirmative defense. We *affirm*.

## BACKGROUND

Beginning in April 2013, Allen L. Swartwoudt was
employed as a Transportation Security Inspector Explo-
sive Detection Canine Handler with the Transportation
Security Administration ("Agency"). Swartwoudt was
assigned as a team leader over three other Transportation
Security Inspectors. Effective February 7, 2014, the
Agency removed Swartwoudt based on a charge of inap-
propriate conduct. The charged inappropriate conduct
included outbursts directed at management, co-workers,
and members of the public that served as volunteers.
Swartwoudt appealed to the Board, challenging the basis
for his removal and alleging an affirmative defense of
whistleblower reprisal. An administrative judge ("AJ")
affirmed the removal. On review, the Board agreed with
the AJ that the Agency proved the charge of inappropriate
conduct, but remanded for further consideration of
Swartwoudt's whistleblower defense ("Remand Order").
On remand, the AJ again upheld the removal. The AJ
denied the whistleblower defense, finding that the Agency
"has shown by clear and convincing evidence that it would
have taken the same personnel action in the absence of
any whistleblowing by [Swartwoudt]." S. Appx. 58. On
July 26, 2016, the Board affirmed. Swartwoudt petitions
for review. We have jurisdiction pursuant to 28 U.S.C.
§ 1295(a)(9).

## DISCUSSION

We may set aside a Board decision if it is "(1) arbi-
trary, capricious, an abuse of discretion, or otherwise not
in accordance with law; (2) obtained without procedures

required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

Swartwoudt's primary argument on appeal is that the Board erred in denying his affirmative defense of whistle-blower reprisal. Swartwoudt maintains that several months prior to his removal, he made a protected disclosure in the form of an email setting forth concerns regarding the Agency's canine detection program and recommending changes. The Board determined that this disclosure was protected and that it was a contributing factor to his removal. However, the Board also concluded that the Agency proved by clear and convincing evidence that it would have removed Swartwoudt even in the absence of the disclosure. Accordingly, the Board affirmed Swartwoudt's removal. We see no error in the Board's decision.

"[W]hen determining whether an agency has shown by clear and convincing evidence that it would have taken the same personnel action in the absence of whistleblowing, [the Board] will consider the following factors: the strength of the agency's evidence in support of its personnel action; the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated." *Carr v. Soc. Sec. Admin.*, 185 F.3d 1318, 1323 (Fed. Cir. 1999).

With respect to the first *Carr* factor, the Board found that "the Agency presented a variety of strong evidence reflecting serious misconduct." S. Appx. 15. The Board found that Swartwoudt had told members of the team he led that he "want[ed] to punch them in the throat and that he was unsure why he left the Marine Corps, where he was paid to kill people." S. Appx. 14. The Board found

that Swartwoudt had commented that one of his team members had obtained her position only because of her "tits and smile." *Id.* The Board also found that Swartwoudt had engaged in "expletive-filled outbursts, directed at or in the presence of management, members of the public that served as volunteers to help with security training, and the team members/canine handlers the appellant was responsible for training." *Id.* Swartwoudt admitted to much of this conduct, and where he disputed the allegations against him, the Board found that the allegations were "supported by the credible testimony of multiple witnesses" and "corroborated by written statements of numerous individuals." S. Appx. 15. The Board's findings with respect to this factor are supported by substantial evidence.

Regarding the second *Carr* factor, the Board determined that the Agency officials had weak motivation to retaliate against Swartwoudt based on his disclosure. Although the Board noted that the disclosure "reflected poorly" on the program "for which the proposing and deciding officials bore some responsibility," S. Appx. 15, it found that this consideration was mitigated by evidence that the officials were already aware of the program's shortcomings and that the officials agreed with and adopted many of Swartwoudt's recommendations. Swartwoudt argues that the deciding official's supervisor stated that the disclosure was a "slap in the face" and alleges that the supervisor influenced the deciding official to remove Swartwoudt. Pet. Br. 4. However, the Board found that Swartwoudt's evidence was outweighed by credible testimony from the proposing and deciding officials averring that Swartwoudt's misconduct was the sole reason for his removal. Substantial evidence supports the Board's finding that retaliatory motive was weak.

Finally, the Board determined that there was no evidence in the record relating to the third *Carr* factor. Swartwoudt asserts that members of the team he led had

previously used profanity and were not removed. However, the Board determined that his team members were not similarly situated because, unlike the conduct of his team members, Swartwoudt's "inappropriate conduct was directed at the team members for which he was responsible." S. Appx. 17. Although we acknowledge that Swartwoudt believes he should not be held to a standard different from that applied to his team members, we see no error in the Board's analysis. *See Carr*, 185 F.3d at 1327 (explaining that the third factor was not probative where the petitioner "held a position of trust and responsibility that was entirely different from the positions of the employees who made complaints about her").

We conclude that substantial evidence supports the Board's decision denying Swartwoudt's whistleblower defense.

Swartwoudt also argues that there was insufficient evidence for the Board to uphold specifications three and four of the charge of inappropriate conduct. Specification three stated that Swartwoudt "started cursing and then 'violently' threw [a] canine's reward toward [a] decoy volunteer" while in public view at an airport. S. Appx. 151. Specification four stated that Swartwoudt referred to one of his team members and commented "that the only reason she has gotten where she is in this agency is because of her tits and smile." S. Appx. 152. The Board found that to the extent Swartwoudt identifies inconsistencies in the witness statements supporting these specifications, those inconsistencies were not relevant. Substantial evidence supports the Board's findings.

Swartwoudt also contends that the Board committed procedural error when it excluded witnesses that would have supported his whistleblower defense. In the Remand Order, the Board found no abuse of discretion in the AJ's exclusion of these witnesses, explaining that the AJ did approve some of Swartwoudt's witnesses and that

Swartwoudt did "not allege that the disallowed witnesses were present for any of the specific instances of conduct giving rise to his removal or that they were otherwise key figures in his removal action." S. Appx. 71–72. In the Final Order, the Board found that Swartwoudt provided no reason to revisit its earlier decision. We see no error in the Board's conclusions.

We have considered Swartwoudt's remaining arguments and conclude that they are without merit.

**AFFIRMED**

COSTS

No costs.